**In re The HARTFORD CORPORATION, Wellington Print Works, Inc., Debtors.**

**Bankruptcy Nos. 80 B 11090, 80 B 11178.**

United States Bankruptcy Court,
S. D. New York.

March 18, 1982.

Findings of Fact, Conclusions of
Law and Order
Expunging Claims, Denying Motions
and Dismissing Objections
March 22, 1982.

Weil, Gotshal & Manges, New York City, for debtors; Bruce Zirinsky, Mary Rose, New York City, of counsel.

David K. Shuffman, New York City, for Rose Shuffman, as Executrix of the Estate of Oscar Shuffman.

Hahn & Hessen, New York City, for The Hartford Corp. Creditors' Committee; Richard Miller, New York City, of counsel.

Sherman & Citron, New York City, for Wellington Print Works, Inc., Creditors' Committee; Robert Kolodny, New York City, of counsel.

William Darrow, New York City, for Eugene Magid and others.

## DECISION ON APPLICATION FOR CONFIRMATION AND RELATED MATTERS

EDWARD J. RYAN, Bankruptcy Judge.

The attorneys for the debtors and the attorneys for the creditors committees have certified that all of the requirement of 11 U.S.C. § 1129 have been met. The only obstacle to confirmation is the troublesome problem of the claims of Rose Shuffman, as Executrix of the Estate of Oscar Shuffman, that there have been judicial irregularities in the administration of this and a prior debtor case.

██ The court is fully aware of the allegations of judicial irregularity. Assuming solely for the purpose of this proceeding and certainly not so deciding, that these allegations are true, the outcome would not be different. Plaintiff herein was afforded a full opportunity to present her case. The net result is that the plaintiff has failed to establish that she is entitled to any more dollars than has been and continues to be tendered to her by the debtor, except the de minimis sum of $5.85.

The court is also fully aware of the mandate of the Supreme Court that a trial court cannot blindly accept a party's Proposed Findings of Fact and Conclusions of Law. However, when the findings proposed are consistent with the record and the conclusions proposed are agreeable with the law, no useful purpose would be served by the court rewriting the same, except with minor modifications. *See, United States v. El Paso Natural Gas Co.,* 376 U.S. 651, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964). Accordingly, the debtors Proposed Findings of Fact and Conclusions of Law as modified are being adopted by the court.

The modified Findings of Fact and Conclusions of Law will be filed as soon as practicable. The Plan is confirmed. The relief incidental thereto is granted. The objections to confirmation are overruled and the orders incident to confirmation are signed this day.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER EXPUNGING CLAIMS, DENYING MOTIONS AND DISMISSING OBJECTIONS.

Rose Shuffman, as Executrix of the Estate of Oscar Shuffman, Deceased ("Shuffman"), having filed a proof of claim and an amended proof of claim against The Hartford Corporation ("Hartford"), Claim Nos. 236 and 290 (the "Hartford Claims"), and a proof of claim and an amended proof of claim against Wellington Print Works, Inc. ("Wellington"), Claim Nos. 42 and 44 (the "Wellington Claims"); and Shuffman having moved the court by notice of motion dated March 25, 1981, for an order appointing a trustee and/or converting the chapter 11 cases to chapter 7 cases; and Shuffman having also moved the court by notice of motion dated March 25, 1981, for an order disqualifying Weil, Gotshal & Manges as attorneys for Hartford and Wellington; and the debtors, by affidavit of Bruce R. Zirinsky, sworn to April 2, 1981, having contested Shuffman's standing as a creditor, holder of equity securities or otherwise as a party in interest in these chapter 11 cases; and Shuffman having also filed on or about August 24, 1981, objections to confirmation of the Amended Joint Plan of Reor-

ganization proposed by Hartford and Wellington, dated May 14, 1981; and said motions, claims and objections having duly come to be heard before the court on April 8, April 14, April 30, May 28, June 3, June 16, September 2, September 9, October 12, October 13, October 14, October 15, and October 16, 1981; and after hearing the testimony of witnesses and the arguments of David K. Shuffman, attorney for Shuffman, in support of Shuffman's motions, claims and objections, and Weil, Gotshal & Manges, attorneys for Hartford and Wellington, and Hahn & Hessen, attorneys for the Hartford Creditors' Committee, in opposition to said motions, claims and objections; and upon all of the proceedings held before me; after due deliberation; and sufficient cause appearing therefor; it is

ORDERED, ADJUDGED, DECREED, FOUND AND DETERMINED, as follows:

1. The claims asserted by Shuffman in the Hartford Claims and the Wellington Claims are as follows:

(a) $43.27 Prior to July 3, 1973 (Possible Priority)

(b) $3,346.17 from September 5, 1974—December 31, 1974 (Possible Priority)

(c) Approximately $75–77 Thousand from January 1, 1975 (Possible Priority)

(d) Pro rata share of stockholders' derivative action which was deliberately omitted from Statements and Schedules in Case Nos. 73 B 674–676 (Possible Priority)

(e) 2¾% of total cost of all merchandise purchased from Rudd Plastic Fabrics Corp. on all Orders placed up to and including September 14, 1976 (Possible Priority)

(f) $5.85 Pro rata distribution of net profits for two years from September 5, 1974, *plus* interest

(g) $3,000.00 on uncashed checks given to Oscar Shuffman prior to July 3, 1973, plus any other moniew [sic] similarly represented by uncashed commission checks (Possible Priority).

2. The claims described in items (a) and (f) of paragraph 1 hereof, represent distributions to be made in accordance with the consolidated Chapter XI plan, on Shuffman's general unsecured claim as allowed by the Bankruptcy Court, in the prior consolidated Chapter XI cases confirmed by the Bankruptcy Court on September 5, 1974, *In re Hartford Textile Corporation, Oxford Chemicals, Inc. and Wellington Print Works, Inc.* (S.D.N.Y., Arrangement Nos. 73 B 674–676, inclusive) (the "Prior Chapter XI Cases").

3. The claim described in item (b) of paragraph 1 hereof, is that amount which was stated by Hartford Textile Corporation to be owing to Shuffman, based upon commissions to be paid to Shuffman under a certain agreement with Rudd Plastic Fabrics Corp. dated November 2, 1973, and which amount was incorporated in the Bankruptcy Court's amended order dated August 26, 1977 in the Prior Chapter XI Cases.

4. Payment in full of the claims described in items (a) and (b) of paragraph 1 hereof, was tendered to Shuffman on or about December 18, 1978 by John J. Barry, the Disbursing Agent appointed in the Prior Chapter XI Cases, and payment in full of the claim described in item (b) of paragraph 1 hereof, was also tendered to Shuffman by Hartford on or about February 5, 1979. Shuffman refused to accept such payments. As a consequence, Hartford determined it futile to tender payment of the claim described in item (f) of paragraph 1 hereof, in the de minimis amount of $5.85.

5. There remain on deposit with the Clerk of the District Court in connection with the Prior Chapter XI Cases, as directed by the Honorable Roy Babitt, United States Bankruptcy Judge, sufficient monies to pay to Shuffman the full amount of the claims described in items (a), (b) and (f) of paragraph 1 hereof.

6. Whether or not the claim described in item (b) of paragraph 1 hereof represents post-confirmation obligations of Hartford erroenously ordered paid by the Bankruptcy Court in the Prior Chapter XI Cases is an issue that need not be addressed by this court since the only facts relevant to

the issue of creditor status are that payment in full of that amount was tendered to Shuffman, refused by him and now remains on deposit with the Clerk of the Court available to Shuffman upon presentation of an appropriate claim form.

7. Prior to the filing of the Chapter 11 petitions initiating the within actions, Hartford, by the Disbursing Agent, remained ready to turn over to Shuffman the monies held by it on Shuffman's account. Equity does not permit Shuffman to refuse such money and then claim creditor status based on the outstanding obligations.

8. Shuffman has failed to demonstrate any factual or legal basis for the claims described in items (c), (d), (e) or (g) of paragraph 1 hereof.

9. Shuffman apparently contends that the claims described in items (c) and (e) of paragraph 1 hereof, arise out of her deceased husband's commission agreements with Hartford entered into with Hartford Textile Corporation prior to July 3, 1973, the date of commencement of the Prior Chapter XI Cases. Shuffman's claim that liability under these agreements survived confirmation of the Prior Chapter XI Cases and that she is entitled to the full amount of potential deliveries in the purchase orders has been rejected by final judgment of the Bankruptcy Court, which judgment was affirmed by the District Court and the Court of Appeals for this Circuit. *Shuffman v. Hartford Textile Corporation*, 588 F.2d 872 (2d Cir. 1978), *cert. denied*, 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95, *rehearing denied*, 444 U.S. 975, 100 S.Ct. 473, 62 L.Ed.2d 392 (1979). Such judgment is *res judicata*.

10. The claim described in item (g) of paragraph 1 hereof, on its face reflects that it arose prior to July 3, 1973, the date of commencement of the Prior Chapter XI Cases. By virtue of the order of confirmation in those cases, any such claim, even if previously valid and enforceable, was discharged in bankruptcy. Bankruptcy Act, § 367(1), 11 U.S.C. § 767(1).

11. Shuffman's allegations in support of the claim described in item (d) of paragraph 1 hereof, are apparently that Hartford Textile Corporation, Oxford Chemicals, Inc. and Wellington Print Works, Inc. failed to list on their schedules or statements of affairs in the Prior Chapter XI Cases, certain lawsuits which were commenced in or about 1965 by certain members of the family of Robert P. Magid, a principal of Hartford and Wellington. These lawsuits have been virtually dormant since 1965. Shuffman's contention that the failure to list these lawsuits was deliberate or fraudulent is without merit. Moreover, the consolidated Chapter XI plan confirmed in the Prior Chapter XI Cases on September 5, 1974, is binding upon all creditors, including Shuffman. Creditors in those cases are entitled to receive only those payments or distributions provided for in such plan. Bankruptcy Act, § 371, 11 U.S.C. § 771; Bankruptcy Act, § 15, 11 U.S.C. § 33.

12. There was insufficient evidence introduced at the trial of this matter to warrant any finding of a "fraud on the courts" or "by the courts" as alleged by Shuffman.

13. Shuffman is not a creditor, holder of equity securities or otherwise a party in interest in either the Hartford or Wellington Chapter 11 cases, and Shuffman lacks standing in respect thereof.

14. Shuffman's claims against Hartford, Claim Nos. 236 and 290, be, and they hereby are, disallowed and expunged in their entirety with prejudice.

15. Shuffman's claims against Wellington, Claim Nos. 42 and 44, be, and they hereby are, disallowed and expunged in their entirety with prejudice.

16. Shuffman's motion for an order appointing a trustee and/or converting the Chapter 11 cases to Chapter 7 cases be, and it hereby is, denied.

17. Shuffman's motion to disqualify Weil, Gotshal & Manges as attorneys for Hartford and Wellington be, and it hereby is, denied.

18. Shuffman's objections to confirmation of the Amended Joint Plan of Reorganization proposed by Hartford and Wellington, dated May 14, 1981, be, and they hereby are, dismissed.